IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| TYLANDO LAROQUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal No. 2:04-cr-81 |
| vs. ) | Civil No. 2:05-cv-104 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Memorandum Opinion and Order**

Before the Court is Petitioner Tylando LaRoque's Petition for Habeas Corpus Relief (doc. #27), Motion to Correct the Record (doc. #29), several motions to take judicial notice (docs. #30-#33), Motion for Partial Summary Judgment (doc. #34), and Motion to Strike the Government's response to his Motion for Partial Summary Judgment (doc. #39).  Because LaRoque's motions are without merit, all are **DENIED**.

**I.  Background**

LaRoque was indicted for possession of a firearm and ammunition by a convicted felon ("Count I") and possession of a firearm and ammunition by a person convicted of domestic violence ("Count II") (doc. #1).  LaRoque changed his plea to guilty under a plea agreement negotiated with the Government (docs. #19-#20).  Under the plea agreement, LaRoque pled guilty to Count I in exchange for a Government recommendation at the low end of the Sentencing Guidelines and a dismissal of Count II (doc. #20).  LaRoque also waived his appellate and post-conviction relief

rights (doc. #20, ¶25).  LaRoque was sentenced to sixty-six months of imprisonment to be served consecutively to any state sentence he was currently serving (doc. #23).

**II.  Discussion**

LaRoque argues the Court had no jurisdiction because 18 U.S.C. § 3231 was not properly enacted into law.  LaRoque waived his right to seek post-conviction relief in his plea agreement. A plea agreement provision that contains a waiver of appeal and habeas corpus rights is enforceable provided such waiver is knowing and voluntary.  United States v. DeRoo, 223 F.3d 919, 923 (8th Cir. 2000)(citing United States v. His Law, 85 F.3d 379 (8th Cir. 1996)).  Id.  However, a defendant cannot waive his right to claim ineffective assistance of counsel relating to the negotiation of, or entry into, the plea agreement.  Id. at 924.

Because LaRoque waived his right to post-conviction relief, most of his arguments are waived.  However, he has raised a claim of ineffective assistance of counsel that cannot be waived.  He alleges his attorney's performance was defective because his attorney did not investigate his case, research his potential sentence, argue an enhancement of his Guidelines sentence for possessing a stolen weapon violated the Sixth Amendment, or research the jurisdiction of the Court.

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255."  United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000).  The petitioner must

show, first, that his attorney's representation was objectively deficient and, second, the attorney's deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687 (1984). The reasonableness of counsel's conduct is judged at the time of the challenged conduct. Id. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." Id.

LaRoque first argues his counsel failed to investigate his case. LaRoque was charged with possession of a firearm by a felon and by a person convicted of domestic violence. Both crimes have relatively simple elements to prove and have few defenses. At the change of plea, the Court accepted the factual basis given by the Government. Furthermore, LaRoque has presented no information regarding what defense should have been discovered. Therefore, assuming without finding that LaRoque's attorney's performance was defective, he was not prejudiced by the shortness of any investigation that was undertaken. LaRoque's argument is without merit.

LaRoque's next argues his counsel failed to research his potential sentence. The guideline calculated and stipulated to in the plea agreement was correct. Defense counsel had to research the potential sentence in order to negotiate this agreement. Therefore, LaRoque's argument is without merit.

LaRoque alleges his counsel failed to argue an enhancement of his Guidelines sentence for possessing a stolen weapon

violated the Sixth Amendment, relying on the Supreme Court's holding in <u>Booker v. United States</u>, 543 U.S. 220 (2005).  <u>Booker</u> does not apply retroactively to sentences that were final prior to its decision and is of no avail to cases on collateral review. <u>Lefkowitz v. U.S.</u>, 446 F.3d 788, 791 (8th Cir. 2006).  LaRoque was sentenced in October 2004.  His sentence was final when <u>Booker</u> was decided in January 2005.  Therefore, LaRoque cannot avail himself the <u>Booker</u> holding, and his argument is without merit.

    Finally, LaRouque argues his attorney was ineffective for not discovering the district court had no jurisdiction over him. He claims 18 U.S.C. § 3231, defining the district court's criminal jurisdiction, was not validly enacted into law because Public Law 80-772 was not properly passed by both Houses of Congress.  LaRoque's argument is without merit.  The Court's research shows other pro se petitioners have made this exact argument.  All courts, no less than eighteen, have held the contention is frivolous.  As the District Court for the Northern District of Texas plainly explained in <u>Lister v. United States</u>:

> Public law 80-772 was passed by the House of Representatives in the first session of the 80th Congress. It was then passed by the Senate during the second session of that same Congress.  This recess was an inter-session, and not a sine die recess.  Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress.  Public law 80-772 was clearly passed by both houses before a sine die recess was called. Therefore, the law was properly enacted and Movant's claim that the Court did not have subject matter jurisdiction must fail.

4

Nos. 3:06-CV-1355-N, 3:03-CR-374-N, 2006 WL 3751324, at *2 (N.D. Tex. Dec. 20, 2006) (internal citations omitted).  LaRoque also contends Public Law 80-772 is invalid because it did not include an enacting clause.  However, no authority supports the contention that the lack of an enacting clause renders a statute invalid.  United States v. LaRoche, 170 Fed. Appx. 124, 126 (11th Cir. 2006).  Therefore, LaRoque's claim is without merit.

**III. Conclusion**

All of LaRoque's motions referenced above are **DENIED**.  In addition, the Court certifies that an appeal from the denial of these motions may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[1]

**IT IS SO ORDERED**, this 7th day of June, 2007.

RODNEY S. WEBB   District Judge
United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

5